## JOSEPH ROBINSON *vs.* CHARLES TRULL.

In order to enable the party aggrieved to maintain an action on the case to recover damages against a witness for failing to attend and testify, the plaintiff must prove that the witness was duly summoned, and that his fees for travel and attendance as such were duly paid or tendered to him, according to the requisitions of the Rev. Sts. *c.* 94, § 3; and it is not sufficient, in such case, to prove a waiver, on the part of the witness, of his right to service and fees.

THIS was an action on the case, to recover damages against the defendant, for failing to attend and testify as a witness, in a suit brought by the plaintiff against one Wadsworth, and pending in the court of common pleas for this county.

At the trial, which was before *Hopkinson*, J., in the court of common pleas, it appeared, that on the trial of the case of *Robinson* v. *Wadsworth*, the defendant was present in court as a witness, on behalf of the plaintiff, and that he left the court room without testifying, before he was called, and without leave. It was admitted, that he had not been summoned or received his fees; but there was evidence tending to prove that a subpoena had been duly sued out and placed with sufficient fees in the hands of a person authorized to serve the same. The judge ruled, that proof of service of summons and tender of fees was not necessary; that a waiver of the right to service and fees might be proved; that a waiver in express terms was not requisite, but might be proved by inference from facts; and that it was not an inference implied by law from the fact of the defendant's

appearance; but that the appearance was competent evidence tending to show the defendant's intention to waive his right to service and fees.

It appeared, that the jury, in the case of *Robinson* v. *Wadsworth*, disagreed; and evidence was introduced by the plaintiff to show what would have been the substance of Trull's testimony, if he had testified, and that it was competent and material to the issue; but no evidence was offered to show what effect Trull's testimony would have had upon the minds of the jury, either by any member of that jury, or by any person who was cognizant of the trial, to express an opinion as to what its effect might have been. The judge ruled that the jury might judge whether the evidence was so important, that it might affect the result in a balanced case, and that it was not necessary for them to be satisfied, that Trull's testimony would have been sufficient to have produced an agreement in that particular case.

The jury brought in a verdict for the plaintiff, and the defendant alleged exceptions.

*W. A. Bryant*, for the plaintiff, referred to *Pearson* v. *Iles*, Doug. 556, 561; *Masterman* v. *Judson*, 8 Bing. 224; *Bland* v. *Swafford*, Peake's Ca. 60; *Barrow* v. *Humphreys*, 3 B. & Ald. 598; 1 Stark. Ev. 79; 1 Gr. Ev. § 311.

There was no appearance for the defendant.

FLETCHER, J. The ruling of the court below was erroneous, as being inconsistent with the express and positive provisions of the Rev. Sts. c. 94, §§ 3, 4.

*Exceptions sustained.*